IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERRILL PRIMACK, | ) |
| Plaintiff, | ) ) Case No. 14-cv-08772 |
| vs. | ) ) Honorable Judge James B. Zagel |
| STARION ENERGY PA, INC. and JOHN DOES 1-10, | ) ) Magistrate Judge Young B. Kim ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO DISMISS

Defendant Starion Energy PA, Inc. ("Starion Energy" or "Defendant"), by and through one of its attorneys, Paul Gamboa of Gordon & Rees LLP, respectfully moves for the dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, Starion Energy states as follows:

**I. INTRODUCTION**

On October 14, 2014, Merrill Primack ("Plaintiff" or Primack") filed a three-count putative Class Action Complaint, alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 1692, *et seq.* ("TCPA"), Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("Consumer Fraud Act"), and Illinois Restricted Call Registry Act, 815 ILCS 402/1, *et seq.* ("Restricted Call Registry Act"). More specifically, Primack alleges that he was contacted by Starion Energy on his landline, home telephone on August 6, 2014, during which time he informed its agent that he was not interested in its services. *Docket entry* #1, ¶ 10. Plaintiff avers that this same agent called him one week later, and he again informed Defendant that he was not interested in its services. *Id.* ¶ 11. Plaintiff further alleges that he was contacted by Defendant on two subsequent occasions, but he did not speak with Starion Energy during either of these particular telephone calls. *Id.* ¶¶ 12-13.

Plaintiff did not select Starion Energy as his electricity provider, and he makes no allegations that he ever purchased its services.

Plaintiff's Consumer Fraud Act claim must be dismissed because Primack has failed to plead that he was in any way personally deceived or misled by Starion Energy's allegedly deceptive practices. Moreover, Primack has failed to allege that he suffered any actual damages, which is an essential element of such a claim. Finally, Plaintiff's attempt to bring a Consumer Fraud Act claim on behalf of a nationwide class must fail as a matter of law, as the Act does not apply to unfair or fraudulent transactions which take place outside of Illinois.

## II. LEGAL STANDARD

Rule 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, all well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Hale v. Chu*, 614 F.3d 741, 744 (7th Cir. 2010) (internal citations omitted). The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id.* (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability…stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). When deciding on a Rule 12(b)(6) motion to dismiss, the court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Moreover, if the complaint so unmistakably establishes the presence of a defense that the suit is rendered frivolous, the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

### III. ARGUMENT

#### A. *Plaintiff's failure to allege that he was personally deceived by Defendant's actions is fatal to his Consumer Fraud Act claim; therefore, Count II of Primack's Complaint must be dismissed*

In order to properly plead an actionable Consumer Fraud Act claim, a putative private plaintiff must allege (1) a deceptive act or practice by the defendant, (2) intent on defendant's part that plaintiff rely on this deception, (3) occurrence of the deception in the course of conduct involving trade or commerce, and (4) "actual damage" to plaintiff, which (5) was proximately caused by the deception. *Oliveira v. Amoco Oil Co.,* 201 Ill.2d 134, 148-49 (2002); *Cozzi Iron & Metal Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001). The Illinois Supreme Court has further held that, in order to state a claim under the Consumer Fraud Act, a plaintiff must allege that he or she was personally deceived or misled by the defendant's actions. *Oliveira*, 201 Ill. 2d at 155. Failure to establish this proximate cause element, including that the consumer was deceived by defendant's act or practice, requires dismissal of the claim. *Id.*

In this matter, Primack alleges that he received a telemarketing call from Defendant on his home, landline telephone. *Docket entry* #1, ¶¶ 9-10. During this conversation, he alleges that a Starion Energy agent attempted to sell him on choosing it as his energy supplier, and he told this agent that he was not interested in its services. *Id.* ¶ 10. Primack further avers that he was contacted by this same agent exactly one week later, at which time he again told the agent that he was not interested in Starion Energy's services, and the agent terminated the phone call. *Id.* ¶ 11. Two additional calls were allegedly made to Primack's landline from another telephone number. *Id.* ¶¶ 12-13. In the first instance, Plaintiff simply did not answer the call. *Id.* ¶ 12. On the latter occasion, Primack purportedly heard an automated message directing him to press a key to be connected to a live person, and he hung up without speaking to anyone. *Id.* ¶ 13.

3

Plaintiff makes no allegations that he was deceived or misled by any of these allegedly unfair acts; instead, Plaintiff alleges that Defendant identified itself as Starion Energy when speaking with him, that it told him the purpose of its telephone calls, and that he either outright rebuffed its sales attempts, or otherwise simply refused to answer its call. Because Primack was not deceived by any of Starion Energy's alleged actions, his Consumer Fraud Act claim fails as a matter of law. *See Oliveira*, 201 Ill.2d at 154-55 (wherein the Illinois Supreme Court affirmed the circuit court's dismissal of plaintiff's amended class action complaint, as plaintiff, who alleged to have actually purchased defendant's premium gasoline, still failed to allege that he was actually deceived by defendant's advertisements); *Zekman v. Direct American Marketers, Inc.*, 182 Ill.2d 359, 375-76 (1998) (plaintiff's claims failed as a matter of law because the plaintiff "was not deceived."). Accordingly, Count II of Primack's Complaint must be dismissed pursuant to Rule 12(b)(6).

    **B.**    ***Plaintiff's failure to allege that he suffered any actual damages is fatal to his Consumer Fraud Act claim; therefore, Count II of Plaintiff's Complaint must be dismissed***

The Consumer Fraud Act provides that: "[a]ny person who suffers *actual damage* as a result of a violation of this Act committed by any other person may bring an action against such person." 815 ILCS 505/10a(a) (emphasis added). To bring a private action under this statute, a plaintiff must therefore allege "actual damages" and these "actual damages must arise from 'purely economic injuries.'" *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402 (1st Dist. 2009). "Actual damages must be calculable and 'measured by the plaintiff[']s loss.'" *Id.* (internal citations omitted); *see also Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 275-76 (2005) (Karmeier, J., concurring) (noting that a plaintiff must allege that she was harmed "in a

concrete, ascertainable way[,] meaning that the defendant's deception made plaintiff tangibly worse off.").

In *Xydakis v. Target, Inc.*, the plaintiff brought a claim under the Consumer Fraud Act, alleging that he was deceived by defendant's advertised sale of an All-Clad grill pan. *Xydakis v. Target, Inc.*, 333 F. Supp. 2d 683, 684 (N.D. Ill. 2004). Xydakis alleged to have visited the store on multiple occasions and was told by defendant that it had sold out of the item, causing the plaintiff to buy the same pan for a higher price at another store. *Id.* In considering defendant's Rule 12(b)(6) motion, the court noted that "[t]here [was] nothing in the complaint to indicate that plaintiff spent any money at any [of defendant's] store[s]." *Id.* at 685. The court therefore held that the plaintiff failed to allege any actual damages caused by defendant's acts, and dismissed his action for failure to state a Consumer Fraud Act claim. *Id.*

Here, Primack flatly alleges that he "suffered damages as a result of receipt of the calls." *Docket entry* #1, ¶¶ 15; 36. Plaintiff's Complaint does not hint at what these damages might consist of, or how Starion Energy's alleged "deception" made Primack in any way tangibly worse off. As noted in Section III.A. above, Plaintiff did not select Starion Energy as his electricity supplier, and he did not enroll in any of its programs. Therefore, even if one assumed that Primack was deceived by Starion Energy's allegedly unfair actions, it still did not cause him to suffer any actual damages. Primack's threadbare recitals of this necessary element of his cause of action need not be accepted in the face of such facts, and his Consumer Fraud Act claim stops well short of the line between possibility and plausibility of entitlement to relief. Because Plaintiff has failed to allege that he has suffered any actual damages, Count II of his Complaint must be dismissed.

    **C.**    *Count II of Plaintiff's Complaint, as it relates to a putative nationwide class claim, must also be dismissed, because the Illinois Consumer Fraud and Deceptive Business Act generally does not extend to non-residents*

The pleading requirements of Rule 8 of the Federal Rules of Civil Procedure are as applicable to class actions as to any others. *Perrusquia v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 1989 U.S. Dist. LEXIS 12088, *14 (N.D. Ill. Sept. 28, 1989) (Parsons, J.). However, in a class action, plaintiff's pleadings must also comport with Federal Rule of Civil Procedure 23, in that plaintiff must plead facts sufficient to show that the four requirements of subdivision (a) - numerosity, commonality, typicality, and adequacy - are satisfied, and that the action also falls within one of the three categories of subdivision (b). *Id.*, *see Jacobs v. Osmose, Inc.*, 213 F.R.D. 607, 611 (S.D.Fla. 2003). Sometimes plaintiff's complaint is clear at the outset based on the cause(s) of action alleged that class certification is inappropriate. *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013), citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."). Count II is an instance where the issues are plain enough from the pleadings to allow this Court to conclude that Plaintiff's proposed nationwide class claims could never be certified, warranting its dismissal.

In his Complaint, Plaintiff alleges that Starion Energy is a Delaware corporation with its principal offices in Danbury, Connecticut. *Docket entry* #1, ¶ 6. There is no suggestion that Starion Energy was making any of these complained-of sales calls from the state of Illinois. While Primack purports to be an Illinois resident who received these allegedly violative telephone calls at his residential landline, he nonetheless seeks to bring a claim for a violation of the Consumer Fraud Act on behalf of a nationwide class. *Docket entry* #1, ¶¶ 5; 9-13; 39.

However, the Consumer Fraud Act protects "people of this State." 815 ILCS 505/1(f). The Illinois Supreme Court has held that the General Assembly did not intend the Consumer Fraud Act to apply to fraudulent transactions which take place *outside* of Illinois. *Avery v. State Farm Mutual Automobile Ins. Co.*, 216 Ill. 2d 100, 185 (2005); *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 396 (7th Cir. 2009) (recognizing that Illinois Supreme Court in *Avery* "severely limited the extraterritorial reach" of the Consumer Fraud Act.). The *Avery* Court, recognizing the difficultly inherent in identifying the situs of a consumer transaction, held that a fraudulent transaction may be said to take place within a state if the circumstances relating to the transaction occur "primarily and substantially" within that state. *Avery*, 216 Ill. 2d at 186. Thus, a plaintiff may pursue a private cause of action under the Consumer Fraud Act only if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois. *Id.* at 187.

In *Avery*, the Supreme Court ultimately held that the circuit court erred in certifying a nationwide class that included class members whose Consumer Fraud Act claims proceedings took place outside Illinois. *Id.* at 189-90. Illinois courts have similarly held that out-of-state plaintiffs had "no cognizable cause of action under the Consumer Fraud Act where the in overwhelming majority of the circumstances pertaining to their claims took place outside Illinois." *Phillips v. Bally Total Fitness Holding Corp.*, 372 Ill. App. 3d 53, 58-59 (1st Dist. 2007).

Here, Primack has not alleged that any of Defendant's conduct occurred in the state of Illinois. To the extent that his class claims seek to represent non-residents of Illinois, the dearth of allegations substantiating that these complained-of telephone calls occurred primarily or substantially in Illinois is fatal to his claim at its outset. For this additional reason, Count II of Plaintiff's Complaint must be dismissed.

WHEREFORE, Defendant Starion Energy PA, Inc. respectfully requests that this Honorable Court enter an order dismissing Count II of Plaintiff's Complaint with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: January 5, 2015 					Respectfully submitted,

> By:  /s/ Paul Gamboa
> Paul Gamboa (#6282923)
> GORDON & REES LLP
> One North Franklin
> Suite 800
> Chicago Illinois, 60606
> Phone: (312) 565-1400
> Fax: (312) 565-6511
> *Attorney for Defendant*